OPINION
The State of Ohio appeals from a judgment of December 31, 1998, which granted a judicial release from further imprisonment to Aaron Grilliot. We affirm.
On March 20, 1997, Aaron Grilliot was indicted for rape, a first degree felony. The victim was a four-year old girl. On March 17, 1998, Grilliot entered an Alford no contest plea to attempted rape, a second degree felony. The trial court found him guilty. On May 1, 1998, the trial court imposed a 4 year prison sentence, as reflected in its judgment entry of sentence which reads in pertinent part:
 On May 1, 1998 the defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court Reporter, Monica Hissong, the State's Attorney, R. Kelly Ormsby, III, the defendant's attorney, Gary Brown, were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and Presentence Investigation Report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
 The Court finds that the defendant has been convicted of Attempted Rape, contrary to section 2907.02 2923.02 of the Ohio Revised Code, a felony of the second degree.
 The Court further finds that defendant is not amenable to community control and that prison is consistent with the purpose of R.C. 2929.11. When reviewing the sentencing factors two are prevalent in this case:
 1. The injury to the victim was worsened because of the physical or mental condition or age of the victim.
 2. Offense facilitated by offender's relationship with the victim.
 It is hereby Ordered that the defendant serve a term of four years in the Ohio Department of Rehabilitation and Corrections. The defendant was also classified as a sexually oriented offender.
 (We affirmed the 4 year sentence: State of Ohio v. Aaron Grilliot
(February 5, 1999), Darke App. 98 CA 1470, unreported.)
On December 23, 1998, Grilliot moved for judicial release pursuant to R.C. 2929.20. The trial court conducted a hearing December 30, 1998, and granted judicial release the following day. The trial court's judgment entry reads as follows:
 Before the Court is the Motion of the Defendant, Aaron Grilliot, for judicial release. The Motion was submitted on December 30, 1998 upon the arguments of counsel, the original presentence investigation, the report of New Horizons Counseling Services and the interview by Probation Officer John Tabler. Carefully considering and weighing all of the above, the Court concludes that a community control sentence, coupled with the 8 months served in the Ohio Department of Rehabilitation and Corrections will not demean the seriousness of the offense and will adequately protect the public. The Defendant has no prior criminal history and has a strong family support network. The likelihood of any future offense is extremely low.
 It is, therefore, ordered that the balance of the Defendant's 4 year sentence be suspended and he be placed under the control of the Adult Probation Department for a period of 5 years upon the following conditions.
In that same entry, the trial court imposed 12 specific conditions of community control and ordered Grilliot's release from custody.
The State appealed from this judicial release, asserting that the trial court erred in granting this relief.
The granting of judicial release is governed by R.C.2929.20(H) which provides in its entirety as follows:
 (H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to and eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for who there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12
of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
Appellate review of judicial release from imprisonment imposed on account of a second degree felony is authorized by R.C.2953.08(B)(3). An appellate court considering an R.C.2953.08(B)(3) appeal is directed by R.C. 2953.08(G)(2) as follows:
 The court hearing an appeal under division (B)(3) of this section of a trial court's modification pursuant to section 2929.20 of the Revised Code of a sentence that was imposed upon a defendant for a felony of a first or second degree may overturn the modification and reinstate the original sentence, or may vacate the modification of the sentence and remand the matter to the trial court for reconsideration, only if the court clearly and convincingly finds any of the following:
 (a) That the record does not support the modification based on the criteria for modification set forth in division (H) of section 2929.20 of the Revised Code;
 (b) That the modification was not made in accordance with the procedures set forth in section 2929.20 of the Revised Code, that the defendant was not eligible for the modification under that section, or that the modification otherwise was contrary to law.
The State argues, in essence, that the trial court failed to comply with its responsibilities under R.C. 2929.20(H)(2), supra, to fully articulate its rationale for judicial release. Upon consideration of the entire record, we conclude that December 31, 1998, judgment entry passes muster.
The trial court resolved the "likelihood of recidivism" issue — R.C. 2929.20(H)(1)(a) — in favor of Grilliot at the May 1, 1998, sentencing hearing. Nothing of record suggests that the balancing of the recidivism factors — R.C. 2929.12(D), (E) — done at the May sentencing hearing should have been different after the December 30, 1998 judicial release hearing, and the court so found.
The finding required by R.C. 2929.20(H)(1)(b) is more problematic. Examined in isolation, this subsection appears to limit judicial release to those situations where the seriousness factors — R.C. 2929.12(B)(C) — have been balanced in the offender's favor and his conduct has thus been found to be "less serious than conduct normally constituting the offense." The balancing of the seriousness factors on May 1, 1998, was not in Grilliot's favor, and the trial court had no new information of the sort described in R.C. 2929.12(B)(C) on December 30, 1998, to cause it to rebalance the seriousness factors, and the trial court does not appear to have done so. The only new fact before the trial court December 30 was that Grilliot had now spent 8 months in prison. Confining our consideration to R.C. 2929.20(H)(1)(b), we would be constrained to conclude that the record does not support the finding required by that subsection and R.C.2929.20(H)(2).
We think, however, that the trial court was authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release. R.C. 2929.20(H)(1) requires the court's essential findings to be made "with reference to factors under section 2929.12. . . ."
R.C. 2929.12(A) provides:
 Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. (Emphasis ours.)
R.C. 2929.11(A) provides:
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
It is clear from R.C. 2929.12(A) that in fashioning an appropriate sentence, the trial court is not confined to the statutory seriousness and recidivism factors of R.C. 2929.12(B- E). In that R.C. 2929.20(H)(1) commands "reference to factors under section 2929.12" we conclude that the trial court, in considering whether to grant judicial release, is likewise not confined to the seriousness and recidivism factors but "may consider any other factors relevant to achieving (the) purposes and principles of sentencing."
Grilliot has no criminal record other than this conviction. It cannot be gainsaid that 8 months in prison is a relevant factor under these circumstances in determining whether continued incarceration will achieve the purposes and principles of sentencing.
It is clear from the record that Grilliot's having served 8 months of his 4 year sentence — and the lesson learned from that experience — is what persuaded the trial judge that Grilliot should be given judicial release. The trial court's finding pursuant to R.C. 2929.20(H)(1)(b) does not fit neatly within the confines of that subsection because that subsection requires — and is limited to — a balancing of the seriousness factors that is favorable to Grilliot. That didn't happen in this case and we are hard pressed to imagine a situation where it would. The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought. Thus, judicial release would not be possible unless the trial court may consider "any other relevant factors." Where other factors are considered, however, the precise finding required by the strict wording of R.C.2929.20(H)(1)(b) cannot be made. However, reading R.C.2929.20(H)(1)(b) together with R.C. 2929.12(A), we believe the trial court's finding satisfies the spirit, if not the letter, of R.C. 2929.20(H)(1)(b). We likewise conclude that the trial court's finding is in keeping with these two subsections, which — pursuant to R.C. 2929.20(H)(1) — are to be read together.
Having determined that the trial court's findings satisfy R.C. 2929.20(H)(1)(b), the only issue remaining under R.C.2929.20(H)(2) is whether the trial court "list(ed) all the factors . . . that were presented at the hearing." As observed above, the seriousness and recidivism factors remained static during Grilliot's incarceration. No new information about them was introduced at the judicial release hearing. There was no basis upon which to rebalance them and the trial court didn't do so. The court was not required to list them. The only factor presented at the judicial release hearing was the "other factor" that Grilliot had now served 8 months in prison. The trial court clearly "listed" this factor in its judgment entry granting judicial relief.
The State does not contend that judicial release of Grilliot was an abuse of discretion and that issue is thus not before us.
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Richard M. Howell
R. Kelly Ormsby, III
Gary L. Brown
Hon. Jonathan P. Hein